# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DANIEL GREEN,**

    **Plaintiff,**

    v.                              **Civil Action 2:19-cv-2968**
                                      **Judge George C. Smith**
                                      **Magistrate Judge Kimberly A. Jolson**

**MR. DORMAN, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Daniel Green, a *pro se* prisoner, brings this action against Defendants Mr. Dorman and Aramark Corporation. (*See* Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (*Id.*).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Background

Plaintiff is a prisoner at Belmont Correctional Institution ("BCI"). (Doc. 1-1 at 3). Defendants are Mr. Dorman, an Aramark employee, and Aramark Corporation. (*Id.*). On November 8, 2018, Plaintiff was assigned to work in the inmate cafeteria. (*Id.*). During his shift,

he allegedly noticed that the mashed potatoes were undercooked and brought this to the attention of Aramark employees. (*Id.*). Defendant Dorman allegedly cursed at Plaintiff and told him to serve the potatoes. (*Id.* at 3–4). After Plaintiff refused to serve them, the dispute escalated, and Defendant Dorman allegedly called Plaintiff a racial slur. (*Id.* at 4).

According to Plaintiff, Defendant Dorman "has a long history of calling African Americans the N word very loosely here and racial profiling Blacks and getting away with it." (*Id.*). In his view, this clearly violates his "civil rights to equal protection" and to be free from "a hostile work environment for inmates." (*Id.*). Plaintiff therefore requests that the Court (1) order Aramark staff to treat inmates with respect; (2) remove Defendant Dorman "if this Court finds that [he] is found to be racial profiling against blacks"; and (3) award him $50,000 in damages. (*Id.* at 5).

### B. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is

insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C. Discussion

Construing Plaintiff's Complaint liberally, it appears that he is attempting to bring claims under 42 U.S.C § 1983 for violations of his rights under the Eighth and Fourteenth Amendments. Specifically, Plaintiff alleges that Defendants created a hostile environment and violated his right to equal protection.

First, Plaintiff does not allege that he suffered any physical injury because of Defendants' alleged conduct. His action cannot proceed as a result. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Second, Plaintiff's claims fail on the merits. To establish a prima facie claim under § 1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. *See, e.g., Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992) (per curiam). "[G]enerally courts in the Sixth Circuit have assumed, for purposes of screening, that Aramark is a state actor." *Harris v. Aramark Incorporation*, 2019 WL 1274728, at *2 (S.D. Ohio Mar. 20, 2019) (citation and quotations omitted); *see also Vartinelli v. Aramark Correctional Services, LLC*, 2019 WL 1402653, at *5 (E.D. Mich. Mar. 28, 2019) (citation and quotations omitted)

(recognizing that "court[s] have allowed prisoners to proceed on § 1983 claims against Aramark employees" for the same reason).

Even assuming that Defendant Dorman is a state actor as an Aramark employee, *see Harris*, 2019 WL 1274728, at *2, Plaintiff does not allege facts demonstrating that Defendant Dorman deprived him of a federal statutory or constitutional right. "[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Scott v. Minsin*, 2014 WL 2565663, at *2 (W.D. Ky. June 6, 2014) (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004)); *see also King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (Moore, J., concurring in part and dissenting in part) (collecting cases) ("The use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (collecting cases) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Searcy v. Gardner*, No. 3:07–0361, 2008 WL 400424 (M.D. Tenn. Feb. 11, 2008) (collecting cases) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Here, Plaintiff alleges Defendant Dorman cursed at him and called him a racial slur. (Doc. 1-1 at 3–4). Considering the authority above, this is insufficient to establish a violation of his constitutional rights. Further, to the extent Plaintiff offers conclusory allegations of "racial profiling" these are insufficient to state a claim upon which relief may be granted. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (holding that a complaint that consists of "labels and conclusions" is insufficient under Rule 12(b)(6)). His § 1983 claims against Defendant Dorman should be dismissed a result.

Plaintiff's claims against Defendant Aramark fail as well. "Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "[A] private corporation like Aramark is liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights." *McDaniel v. Bechard*, 2019 WL 1372170, at *4 (E.D. Mich. Feb. 20, 2019) (citing *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011)). Plaintiff has not identified any official policy or well-settled custom here, and his claims against Defendant Aramark should therefore be dismissed as well.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** (Doc 1); however, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 17, 2019       /s/ Kimberly A. Jolson
                          KIMBERLY A. JOLSON
                          UNITED STATES MAGISTRATE JUDGE